**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Edward L. Scherer;** | ) | |
| **Individually, and on behalf of all others** | ) | |
| **similarly situated,** | ) | **Civil Action** |
| **Plaintiffs,** | ) | **File No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Wells Fargo Bank, N.A.** | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## ORIGINAL CLASS ACTION COMPLAINT AND
## MOTION FOR INJUNCTIVE RELIEF

COMES NOW CLASS PLAINTIFF, Edward L. Scherer ("Plaintiff" or "Mr. Scherer"), on behalf of himself and the nationwide Class, and in the public interest, and brings this class action complaint against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"). Plaintiff would respectfully show the Honorable Court as follows:

## I.
## INTRODUCTION

1.    At an unprecedented time of severe national need, Wells Fargo chooses privileged discriminatory policies driven by corporate greed over the recognized and urgent needs of America's small businesses.

2.    Authorized by Congress and the President of the United States under the Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ("CARES Act") and its loan programs to administer billions of dollars in federal funding to small businesses in a fair, equitable and uniform manner, Defendant implemented a loan process that unlawfully prioritized its existing business clients at the expense of not only its own clients without business checking accounts, but also other small businesses from applying for funds from the governmental loan programs.

1

3.      Nothing in the CARES Act authorizes or permits the Defendant to pick and choose who would gain access to, or benefit from, the federally backed lending program. And, the priority of access to these limited funds is material – the demand is overwhelming as America responds to the economic tsunami of COVID-19 upon small businesses.  There is no justification for requiring small businesses who did not have a Wells Fargo business checking account as of February 15, 2020, to go to the end of the line and suffer the inevitable consequences of the first-come-first-served system that has been implemented under the CARES Act.  It is no secret that the overwhelming and immediate demand for assistance under the CARES Act will cause the allocated $349 billion to quickly run out.

4.      Plaintiff Scherer brings this action on behalf of himself and his small business, and all others similarly situated, against Wells Fargo for violations of the CARES Act, the Small Business Administration's ("SBA") 7(A) loan program, 15 U.S.C. § 636(a), a declaratory judgment pursuant to 28 U.S.C. § 2201, and a preliminary and permanent injunction pursuant to 28 U.S.C. § 2202.

5.      The Paycheck Protection Program ("PPP"), which is part of the $2 trillion stimulus package created by the CARES Act in response to the COVID-19 pandemic signed into law on March 27, 2020, empowers lenders (and only lenders) to make available as much as $349 billion in government-guaranteed loans to cover eight weeks of payroll and other expenses for small businesses across the U.S.  In most cases, a large portion of these loans intend to be forgiven.

6.      Wells Fargo – creating an improper and unlawful restriction on PPP loans – is refusing to accept PPP loan applications unless the small business applicant had an established business checking account with Wells Fargo as of February 15, 2020.  Defendant is unlawfully prioritizing these existing customers who had a "Wells Fargo business checking account as of

February 15, 2020.", and shutting out other businesses who qualify equally under the PPP and CARES Act.

7.     In essence, Wells Fargo has denied access to the PPP program to small businesses that do not have a commercial banking relationship with the bank. Plaintiff was thus prohibited by Wells Fargo from even applying for a PPP loan with Wells Fargo, despite otherwise meeting the statutory requirements for a PPP loan.

8.     Although not material to this class action, Wells Fargo's purpose and motivation behind its discriminatory practice is transparent – it is prioritizing its balance sheet by supporting preexisting customers, in many cases with preexisting commercial loans issued by Wells Fargo, through the PPP program at the expense of qualifying small businesses who do not have a prior and existing relationship with Wells Fargo.

9.     Senators Marco Rubio (R.-Fla.) and Ben Cardin (D.-Md.) have already chastised other banks, including Bank of America, for imposing criteria not found in the law and selectively choosing who can apply.

10.     Wells Fargo's discriminatory practices are abhorrent and in violation of federal law. In this time of critical and severe national need that the U.S. Government recognized and immediately acted upon, Wells Fargo's discriminatory practices can only be described as corporate greed, highly offensive and illegal.

## II.
## JURISDICTION AND VENUE

11.     Plaintiff, on behalf of himself and the nationwide Class, brings this action pursuant to the CARES Act, a federal statute.  Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1332(d). There are members of the Class who are citizens of states other than the state of citizenship of Defendant, and the amount in controversy exceeds five million ($5,000,000) dollars exclusive of interest and costs.

12.     Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1391(a) and (c), as Wells Fargo conducts business in the State of Texas, and in this District.

## III.
## THE PARTIES

13.     Plaintiff, Edward L. Scherer, is a sole proprietor owning a small business concern. Plaintiff resides in, and his business is located in, Harris County, Texas.  Plaintiff is a small business that qualifies as an eligible applicant for a PPP loan under the CARES Act.

14.     Defendant Wells Fargo Bank, N.A. is a national banking association organized under the laws of Delaware, with its principal executive offices at 101 North Phillips Avenue, Sioux Falls, South Dakota.  Wells Fargo has transacted and continues to transact business in this Southern District of Texas.

## IV.
## FACTUAL ALLEGATIONS

15.     The CARES Act is the largest economic relief bill in U.S. history and will allocate $2.2 trillion in support to individuals and businesses affected by the coronavirus pandemic and resulting economic downturn.

16.     As part of the relief provided, the CARES Act expands the eligibility criteria for borrowers to qualify for loans that are available through the SBA by adding the PPP to the SBA's gamut of loan programs.

17.     The PPP provides federally-guaranteed loans up to a maximum amount of $10 million to eligible businesses, which can be conditionally forgivable, to encourage businesses to retain employees through the COVID-19 crisis by assisting in the payment of certain operational costs. To accommodate for this SBA expansion, the CARES Act has authorized commitments to the SBA 7(a) loan program, as modified by the CARES Act, in the amount of $349 billion.

18.     Eligible individuals and entities under the PPP include small businesses and eligible nonprofit organization, Veterans organizations, and Tribal businesses described in the Small Business Act, as well as individuals who are self-employed or are independent contractors who meet program size standards.

19.     The SBA's interim final rule on the PPP provides the following information as to who is eligible for a PPP loan:

> You are eligible for a PPP loan if you have 500 or fewer employees whose principal place of residence is in the United States, or are a business that operates in a certain industry and meet the applicable SBA employee-based size standards for that industry, and:
>
> i. You are:
>
> A. A small business concern as defined in section 3 of the Small Business Act (15 USC 632), and subject to SBA's affiliation rules under 13 CFR121.301(f) unless specifically waived in the Act;
>
> B. A tax-exempt nonprofit organization described in section 501(c)(3) of the Internal Revenue Code (IRC), a tax-exempt veterans organization described in section 501(c)(19) of the IRC, Tribal business concern described in section 31(b)(2)(C) of the Small Business Act, or any other business; and
>
> ii. You were in operation on February 15, 2020 and either had employees for whom you paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-MISC. You are also eligible for a PPP loan if you are an individual who operates under a sole proprietorship or as an independent contractor or eligible self-employed individual, you were in operation on February 15, 2020. You must also submit such documentation as is necessary to establish eligibility such as payroll processor records, payroll tax filings, or Form 1099-MISC, or income and expenses from a sole proprietorship. For borrowers that do not have any such documentation, the borrower must provide other supporting documentation, such as bank records, sufficient to demonstrate the qualifying payroll amount.

13 CFR Part 120, pp. 5-6.

20.     The "General Eligibility" section of the PPP loan lender application form lists only two requirements for a PPP loan to be approved:

-   The Applicant has certified to the Lender that (1) it was in operation on February 15, 2020 and had employees for whom the Applicant paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC, (2) current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant, (3) the funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, and (4) the Applicant has not received another Paycheck Protection Program loan; and,

-   The Applicant has certified to the Lender that it (1) is an independent contractor, eligible self-employed individual, or sole proprietor or (2) employs no more than the greater of 500 or employees or, if applicable, meets the size standard in number of employees established by the SBA in 13 C.F.R. 121.201 for the Applicant's industry.

SBA Form 2484

21.     Plaintiff is a "small business" as defined under the SBA guidelines, and qualifies as an eligible applicant for a PPP loan.

22.     Plaintiff did not have a business checking account with Wells Fargo as of February 15, 2020, and was thus ineligible to apply for a PPP loan under Wells Fargo's self-declared criterion that created an impermissible restriction upon, and violated, the CARES Act.

23.     Nothing in the CARES Act allows for the differentiation of a small business loan under the federal program between a bank's preexisting business clients and other businesses that were not active business checking account customers of Wells Fargo as of February 15, 2020. And, nothing in CARES Act allows Wells Fargo to determine who can participate in the federal program based on its own improper criteria, including its impermissible restriction that Plaintiff must have been a client of Wells Fargo with an existing business checking account with Wells Fargo as of February 15, 2020.

24.     Although not a prerequisite to this litigation that needs to be stated, the purpose and motivation behind Wells Fargo's discriminatory practice is transparent.  In light of the fact that PPP is a limited funding program, Wells Fargo has decided to prioritize its balance sheet by supporting preexisting loans issued by Wells Fargo through the PPP program at the expense of small businesses that do not have a lending or commercial banking relationship with Wells Fargo. Had Congress intended to allow banks, like Wells Fargo, to limit access to the PPP funding program to only those small businesses that had a borrowing or commercial banking relationship with the bank, Congress would have said so. The purpose, however, of the PPP law is to assist **all** small business who qualify under the SBA rules and to provide equal access to those funds.

25.     Nevertheless, on its website, Wells Fargo states that eligibility is limited only to small businesses, including sole proprietors, independent contractors, self-employed individuals, nonprofit organizations, tribal business concerns, and Veterans' organizations, that: "… **Have a Wells Fargo business checking account as of February 15, 2020.**" [1]

26.     Indeed, U.S. Senator Marco Rubio criticized another large national bank (Bank of America) for a similar restrictive requirement, saying via Tweeter, "The requirement that a #SmallBusiness not just have a business account but also a loan or credit card is NOT in the law we wrote & passed or in the regulations." *See* the following:

---

[1] See attached **Exhibit – A**,
*https://update.wf.com/coronavirus/paycheckprotectionprogram/?_ga=2.136756080.1736621085.1585961939-1238989020.1585961939.*



27.     Similarly, Senator Ben Cardin issued the following Statement on Launch of the

Paycheck Protection Program:

> I am deeply troubled by reports of financial institutions turning away
> small businesses that desperately need capital through the Paycheck
> Protection Program. The small business provisions in the CARES
> Act were written to get funds into the hands of American small
> business owners as quickly as possible so they can keep employees
> on payroll and avoid financial ruin while we work to combat
> COVID-19. **Creating artificial barriers that block businesses**
> **from much-needed capital is redlining by another name**. I will
> continue working with the administration to ensure that small
> businesses in every community have access to the programs created
> by the CARES Act, including the emergency EIDL grant program
> and the Paycheck Protection Program. [emphasis supplied].

28.     Wells Fargo, like Bank of America, is engaging in unacceptable, shameless and brazen behavior it knows violates the statute.  In case Wells Fargo believes to be on the right side of the law, the above U.S. Senators (the very authors of the CARES Act themselves), could not have stated it more plainly that requiring PPP loan applicants to have a preexisting business relationship with a bank violates the statute because such a requirement was neither intended nor placed in the CARES Act.

## V.
## CLASS ACTION ALLEGATIONS

29.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs by reference as if fully set forth herein.

30.     Plaintiff, in accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), brings this action on behalf of himself and as a member of the Class defined below.

31.     The Class consists of (a) all individuals or entities who qualify for a loan under the PPP and (b) who were prevented from even applying for a PPP loan by Wells Fargo solely because they do not have a pre-existing business checking and/or debt relationship with Wells Fargo.

32.     The Class is so numerous that joinder of all members is impracticable. See Fed. R. Civ. P. 23(a)(1). The Class consists of individuals and companies throughout the country.

33.     There are questions of law and fact common to the Class (or to a sub-class, should the Court decide to limit or change the class definition during pendency of this class action). See Fed. R. Civ. P. 23(a)(2). These common questions include, but are not limited to:

A.      Whether Defendant wrongly imposed additional requirements for PPP loans for a financial purposes purpose not iterated in the CARES Act; thereby, penalizing small businesses that the U.S. Government intended to benefit from PPP loans for not having a business checking account and/or debt relationship with the Defendant;

B.      Whether Defendant wrongly denied qualifying small businesses from applying to Wells Fargo for PPP loans;

C.    Whether the claims alleged herein can be stated against the Defendant by this Class based on the facts alleged in this complaint;

D.    Whether Defendant purposely designed, employed and maintained a system that was inadequate to protect small businesses qualified to receive a PPP loan;

E.    Whether Defendant failed to design, employ and maintain a system that was adequate to protect small businesses qualified to receive a PPP loan;

F.    Whether Defendant made representations on its website to discourage and/or disallow small businesses that did not have a prior business relationship (or at least a business bank account with Wells Fargo as of February 15, 2020) from receiving a PPP loan;

G.    Whether Defendant's actions and / or omissions violated the CARES Act;

H.    Whether Defendant's actions and / or omissions caused small businesses that did not have a prior business relationship (or at least a business bank account with Wells Fargo as of February 15, 2020) to miss the opportunity of timely applying for, and receiving, a PPP loan.

34.    Plaintiff's claims, which arise out of Wells Fargo's prohibition of qualifying small businesses to apply for PPP loans with Wells Fargo, are typical of the claims of the Class members. Likewise, Defendant's defenses to Plaintiff's claims – both the myriad of legal defenses that can be anticipated, together with the factual defenses – are typical of the defenses to the Class claims. See Fed. R. Civ. P. 23(a)(3).

35.    Plaintiff will fairly and adequately represent and protect the interests of the Class. See Fed. R. Civ. P. 23(a)(4). Plaintiff is articulate and knowledgeable about his claims, and fully able to describe them. There are no conflicts of interest between Plaintiff with respect to the interests of the Class members. Plaintiff, like the Class members, has suffered tremendous financial loss as a result of Defendant's brazen acts.

36.    Counsel for Plaintiff is well-suited to represent his interests and the interests of the Class at large. Plaintiff has retained competent counsel experienced in complex federal litigation and class actions (including class actions under other federal statutes such as the Fair Labor

Standards Act and the Fair Credit Reporting Act), who will vigorously and competently prosecute the claims Plaintiff and Class members assert.

37.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(1). Prosecuting separate actions would create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

38.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2). Wells Fargo will continue to commit the violations alleged, and the members of the Class and the general public will continue to be unfairly denied access to critical relief that they are entitled to under the CARES Act's PPP. Wells Fargo has acted and refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole. Time is of the essence, as the PPP funds are limited and are to be distribute on a first-come-first-served basis.

39.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3). The questions of law or fact common to the members of the Class, described above, predominate over any questions affecting only individual members.

40.     Due to the individual amount at issue as to each Class member, as well as the cost and difficulty in litigating each case separately, the Class members have insufficient interest in individually controlling the prosecution of separate actions. See Fed. R. Civ. P. 23(b)(3)(A).  This is especially true in the present economic environment that leaves many small businesses struggling and with dwindling financial resources to commence litigation individually.

41.     The Class has not previously litigated the claims asserted in this complaint. See Fed. R. Civ. P. 23(b)(3)(B).

42.     This Court is more than an appropriate forum for the litigation of the Class claims. Counsel for Class Plaintiff has litigated, and for many years, before the Honorable Judges in the Southern District of Texas, and each is highly qualified to serve and dispense the justice this matter demands in this unusual time in our country.

43.     Any difficulties that might be incurred in the management of this class action are insubstantial. See Fed. R. Civ. P. 23(b)(3)(D).

44.     For these reasons, a class action is clearly superior to other available methods for the fair and efficient adjudication of this controversy.  Certification is thus appropriate under Rule 23(b)(1) or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**VI.**
**CLAIMS FOR RELIEF**

**COUNT ONE:**
**Violations of the CARES Act, H.R. 748**

45.     Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

46.     The CARES Act, a $2 trillion stimulus package in response to the COVID-19 pandemic that was signed in to law on March 27, 2020, includes the PPP, which empowers lenders to make available as much as $349 billion in government-guaranteed loans to cover eight weeks of payroll and other expenses.

47.     There is an implied cause of action arising under the CARES Act.

48.     The CARES Act, along with the SBA's interim final rule on the PPP, provides the sole eligibility requirements to apply for a PPP loan.

49.     The purpose of the CARES Act's PPP is to assist all entities and individuals who qualify and to provide equal access to those funds.

50.     In flagrant disregard for law, Wells Fargo has nevertheless decided to protect itself through the PPP program – rather than intended entities and individuals – by creating an unnecessary requirement to apply for a PPP loan from it – a preexisting business checking account and / or a commercial relationship with Wells Fargo.

51.     Plaintiff and members of the Class met the eligibility requirements for a PPP loan. Nevertheless, Wells Fargo refused to allow Plaintiff and similarly situated members of the Class to apply for a PPP loan because they did not have a preexisting commercial banking and / or lending relationship with Wells Fargo.

52.     As a direct and proximate result of Wells Fargo's wrongful actions, Plaintiff and Class members have suffered damages up to $10 million each due their inability to apply for a PPP loan with Wells Fargo despite being otherwise eligible to apply.

## COUNT TWO:
## Violations of the SBA's 7(a) Loan Program, 15 U.S.C. 636(a)

53.     Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

54.     The SBA's 7(a) loan program is designed to help start-up and existing small businesses obtain financing when they might not otherwise be eligible for business loans. Under the program, a participating lender executes the loan with the borrower according to specific SBA requirements.

55.     The PPP is part of the SBA's 7(a) loan program.

56.     There is an implied cause of action arising under the SBA's 7(a) loan program.

57.     In flagrant disregard for law, Wells Fargo has decided to protect itself through the SBA's 7(a) PPP program – rather than intended entities and individuals – by creating an unnecessary requirement to apply for a PPP loan from it – a preexisting commercial and / or lending relationship with Wells Fargo.

13

58.     Plaintiff and members of the Class met the eligibility requirements for a PPP loan. Nevertheless, Wells Fargo refused to allow Plaintiff and Class members to apply for a PPP loan because they did not have a preexisting business checking account and / or lending relationship with Wells Fargo.

59.     As a direct and proximate result of Wells Fargo's wrongful actions, Plaintiff and Class members have suffered damages up to $10 million each due their inability to apply for a PPP loan with Wells Fargo despite being otherwise eligible.

## COUNT THREE:
## Declaratory Judgment and Preliminary and Permanent Injunction
## Pursuant to 28 U.S.C. §§ 2201 and 2202

60.     Plaintiff alleges and incorporates by reference all allegations asserted in the previous paragraphs.

61.     There is an actual controversy between Wells Fargo and the Class (including Plaintiff) concerning the application of the PPP.

62.     Pursuant to 28 U.S.C. § 2201 this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

63.     Wells Fargo wrongfully prevented entities and individuals from applying for PPP loans from Wells Fargo, despite meeting all federally-imposed PPP loan eligibility requirements, for lack of a business and / or lending relationship with Wells Fargo.

64.     Accordingly, Plaintiff and members of the Class seek a declaration that Wells Fargo's requirement that applicants have a business and / or lending relationship with Wells Fargo in order to apply for a PPP loan be declared void, invalid and unenforceable.

65.     Plaintiff and the Class are likely to succeed on the merits of their causes of action set forth in Counts I-III.

66.     Plaintiff and the Class have suffered and will continue to suffer irreparable harm in the absence of injunctive relief enjoining Wells Fargo from depriving Plaintiff and the Class from the rights and benefits bestowed by the CARES Act and its regulations, and do not have an adequate remedy at law.

67.     Wells Fargo will suffer no injury if the Court grants the preliminary injunctive relief that Plaintiff and the Class seek.

68.     The public interest will be served if the Court grants the preliminary injunctive relief that Plaintiff and members of the Class seek.

**VII.**
**DEMAND FOR JURY TRIAL**

69.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and members of the Class herein make formal demand for a trial by jury.

**VIII.**
**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the Class (and any future sub-classes), prays for the following relief from this Honorable Court:

a.  Pursuant to Fed. R. Civ. P. 23, certify this civil action as a class action, designate Plaintiff as Class representative, and appoint counsel for Plaintiff as Class Counsel;

b.  Preliminarily and permanently enjoin Wells Fargo from engaging in the wrongful and unlawful conduct alleged herein, viz., depriving Plaintiff and members of the Class from the rights and benefits bestowed by the CARES Act and its regulations;

c.  Direct Wells Fargo to make available to Plaintiff and to members of the Class all of the rights and benefits under the CARES Act and its regulations;

d.  Award damages, including compensatory, exemplary, and statutory damages, to Plaintiff and to each member of the Class in an amount to be determined at trial, for the acts complained of herein;

e.  Award Plaintiff and members of the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

f.   Award Plaintiff and members of the Class pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

g.   Grant all other and further relief to which Plaintiff and members of the Class are entitled by law or in equity as may be determined by the Court to be just, equitable and proper.

Respectfully submitted,

**ALI  S. AHMED, P.C.**

By:   <u>/s/ *Salar Ali Ahmed*</u>
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Edward L. Scherer**
**and for Members of**
**the nationwide Class**